United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10029
Conference Calendar

_____

BOBBY J. MCCREE,

                                        Plaintiff-Appellant,

versus

RANDY STOVALL, Warden; FNU RODRIGUEZ; FNU MELINA,
Maintenance Worker; FNU MATTA, Chief of Security;
FNU CORNANDO, Grievance Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-137
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Bobby McCree (TDCJ No. 618267) filed a 42 U.S.C. § 1983
complaint alleging that he was injured when he fell in a puddle
of water caused by a leaky sink at the Brownfield Intermediate
Sanctions Facility.  Concluding that McCree failed to exhaust his
administrative remedies through the grievance procedures at the
Brownfield facility, the district court dismissed the complaint
without prejudice.  The court further noted that "to the extent

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiff is seeking damages for injuries resulting from his alleged slip and fall, Section 1983 is not a general tort statute and a claim of negligence will not support a federal civil rights action." The court dismissed the complaint for failure to exhaust administrative remedies and failure to state a claim.

Although he discusses why he believes his civil rights were violated, McCree makes no argument concerning the district court's determination that he failed to exhaust his administrative remedies. An appellant's brief must contain an argument on the issues that are raised so that this court may know what action of the district court is being complained of. Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995). There is no exemption for pro se litigants, although this court liberally construes their briefs. Id. Because McCree has briefed no argument with respect to the district court's determination that he failed to exhaust administrative remedies, he has waived any such argument. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). We need not address the court's alternative basis for dismissal.

The judgment of the district court is AFFIRMED. McCree's motion for the appointment of counsel is DENIED.